## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATIE LAPP, | : | No. 3:25-CV-0243 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, *et al.*, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Katie Lapp initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging violations of federal law by officials at the Pennsylvania Department of Corrections (DOC) with respect to her exercise of religion. The remaining Defendants in this case now move for summary judgment under Federal Rule of Civil Procedure 56. Because Lapp has not responded to Defendants' motion and thus has failed to carry her Rule 56 burden on her Section 1983 claims, the court will grant judgment as a matter of law in Defendants' favor.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

I.    **BACKGROUND**[2]

Lapp initially filed this Section 1983 lawsuit in February 2025.  (See generally Doc. 1).  Following screening under 28 U.S.C. § 1915A(a), the claims in this case were narrowed to a First Amendment free exercise claim and an official capacity claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc.  (See Doc. 14 ¶ 3).  Those claims targeted Secretary of Corrections Laurel Harry and Religious Services Administrator Ulli Klemm.  (See id.).  Lapp's complaint alleged that certain DOC policies requiring her institutional identification photograph to be taken without her religious head covering violated her First Amendment and RLUIPA rights. (See generally Doc. 1; see Doc. 37 ¶¶ 5-7).

After the close of fact discovery, Defendants moved for summary judgment under Federal Rule of Civil Procedure 56.  (Doc. 36).  Lapp has not opposed this motion in any way, and the time for responding has passed.  Defendants' unopposed motion for summary judgment is therefore ripe for disposition.

---

[2] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried.  Id.  Defendants properly filed their statement of material facts, (Doc. 37), but Lapp failed to respond to that statement.  Accordingly, the court will deem admitted the facts in Defendants' Rule 56.1 statement.  See LOCAL RULE OF COURT 56.1.

2

## II.    STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 262 (3d Cir. 2010) (quoting Clark v. Modern Grp. Ltd., 9 F.3d 321, 326 (3d Cir. 1993)).

At the Rule 56 stage, the court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014).  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue. Liberty Lobby, 477 U.S. at 250-57; Matsushita Elec. Indus. Co. v. Zenith

3

Radio Corp., 475 U.S. 574, 587-89 (1986).  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]." Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 192 (3d Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 252) (alteration in original).  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.  Daubert v. NRA Grp., LLC, 861 F.3d 382, 391 (3d Cir. 2017) (quoting Berkeley Inv. Grp. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006)).

III.   **DISCUSSION**

Defendants assert that Lapp cannot proffer evidence that her religious rights were violated.  Due to Lapp's failure to oppose Defendants' Rule 56 motion, the court finds that there is no dispute of material fact and judgment must be granted in Defendants' favor.

A.   **Failure to Oppose Rule 56 Motion**

Initially, Lapp has failed to carry her burden at summary judgment because she has not opposed Defendants' Rule 56 motion in any way.  Lapp has not identified *any* record evidence that would rebut Defendants' contention (and supporting evidence) that the at-issue DOC policies do not violate Lapp's federal rights.  Lapp has not, for example, pointed to a declaration or affidavit, witness statement, documentary support, or any other evidence that could sustain a

4

verdict in her favor. In fact, Lapp has not even responded to Defendants' Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed. See LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice." Jutrowski v. Township of Riverdale, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (emphasis added) (quoting D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 268-69 (3d Cir. 2014)). Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment. FED. R. CIV. P. 56(c)(3). No materials have been provided or cited by Lapp in opposition to Defendants' Rule 56 motion. Thus, because Lapp has failed to establish that there is a genuine dispute of material fact by failing to oppose the motion for summary judgment, the court must grant judgment in Defendants' favor.

**B.   Merits of Claims**

A second reason that summary judgment must be granted in Defendants' favor is that, upon consideration of the record, there is no evidence that would

5

sustain a verdict in Lapp's favor on her RLUIPA claim and, by extension, her First Amendment free exercise claim.

Section 3 of RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling interest," and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1), (2). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." Id. § 2000cc-5(7)(A); see also Cutter v. Wilkinson, 544 U.S. 709, 715 (2005).

To establish a claim under RLUIPA, a plaintiff must prove that the prison placed a "substantial burden" on the plaintiff's sincerely held religious belief. See Washington v. Klem, 497 F.3d 272, 277-78 (3d Cir. 2007). "[A] substantial burden exists where: (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior to violate his beliefs." Id. at 280. If a prisoner-plaintiff establishes a substantial burden on a sincerely held religious

belief, the burden shifts to the defendant to show that the policy or practice furthers a compelling government interest and is the least restrictive means of doing so. See Holt v. Hobbs, 574 U.S. 352, 361-62 (2015) (quoting 42 U.S.C. § 2000cc-1(a)).

According to Lapp, her sincerely held religious belief mandates that she have her head covered in the presence of men. (See Doc. 1 ¶ 13; Doc. 37 ¶ 6). Prison officials granted Lapp's accommodation request to wear an approved head covering, provided that she remove the covering when requested during searches and during institutional identification photographs, both of which can be facilitated by female staff outside the presence of male officers. (Doc. 37 ¶¶ 17-18, 24-25, 41, 44). Furthermore, Defendants have established a compelling government interest in having inmates photographed without religious headgear, as this standardized photo process allows "quick and reliable identification of prisoners" within the prison and if an inmate escapes. (Id. ¶¶ 29-36).

Under these undisputed facts, Lapp's RLUIPA claim fails at the initial inquiry. That is, Lapp has provided no evidence that the DOC's policies substantially burden her sincerely held religious belief. Even assuming (without evidence) that Lapp holds a sincere religious belief that her hair is to remain covered in the presence of men, the policies at issue do not violate that tenant. The few times Lapp must have her hair uncovered (during searches and during

7

institutional identification photographs), it is feasible for only female officers to be present. (See id. ¶¶ 18, 41, 44). Thus, there is no burden on Lapp's religious belief, much less a substantial one.

The court need not independently consider Lapp's First Amendment free exercise claim. Because she has not established a substantial burden on her religious exercise, her First Amendment claim fails, too. See Adams v. Corr. Emerg. Response Team, 857 F. App'x 57, 60 (3d Cir. 2021) (nonprecedential) (noting that because RLUIPA provides greater protections for a prisoner's religious exercise, "a claim that cannot satisfy RLUIPA's threshold merits inquiry necessarily fails as to the First Amendment"); Van Wyhe v. Reisch, 581 F.3d 639, 657-58 (8th Cir. 2009) ("Where an inmate has not put forth sufficient evidence under RLUIPA to demonstrate a substantial burden on his religious exercise, his claim fails under the Free Exercise Clause of the First Amendment as well." (citation omitted)).

Without evidence of a substantial burden on her sincerely held religious belief, Lapp cannot move beyond the Rule 56 stage and take her claims to trial. Thus, even if the court were to reach the merits of Lapp's claims (despite her failure to oppose the instant Rule 56 motion), Defendants' motion for summary judgment would still be granted.

8

## IV.    CONCLUSION

Based on the foregoing, the court will grant Defendants' unopposed motion for summary judgment under Federal Rule of Civil Procedure 56.  An appropriate Order follows.

Date: 3/4/26

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court